## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jane Ellen Stover,**
**Petitioner Below, Petitioner**

**vs) No. 12-0434** (Kanawha County11-AA-139)

**West Virginia Division of Corrections and**
**West Virginia Division of Personnel,**
**Respondent Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jane Ellen Stover, by counsel Vincent Trivelli, appeals the Circuit Court of Kanawha County's order entered March 5, 2012, affirming the Public Employee Grievance Board's order. Respondent West Virginia Division of Corrections, by counsel Charles Houdyschell Jr., has filed its response. Respondent West Virginia Division of Personnel, by counsel Karen O'Sullivan Thornton, has also filed its response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a grievance against her employer, the Division of Corrections, seeking to be compensated for the Special Election Holiday of August 28, 2010. The Governor issued correspondence to the Attorney General seeking clarification and asking three specific questions. The Attorney General answered on August 24, 2010, as follows:

1. Will Saturday, August 28, 2010, be a legal holiday for State Employees?
   Answer: Saturday, August 28, 2010, is a legal holiday for State Employees;
2. If Saturday, August 28, 2010, is a legal holiday for all State employees, will it be observed the preceding Friday?
   Answer: The Saturday, August 28, 2010, holiday is not transferred to Friday, August 27, 2010; and
3. If Saturday, August 28, 2010, is a legal holiday, will all State employees receive credit for the holiday or just those scheduled to work on Saturday, August 28, 2010?

1

Answer: Employees scheduled to work on Saturday, August 28, 2010, are entitled to three hours of paid leave time to vote as long as these employees properly request such time.[1]

On August 26, 2010, Sara Walker, Director of the West Virginia Division of Personnel, issued a memorandum stating that August 28, 2010, is a legal holiday only for those employees scheduled to work and working on that day. Petitioner was not scheduled to work and did not work on the day of the special election; therefore, she was not paid for that day. However, she contended in her grievance, filed September 17, 2010, that she was entitled to a paid holiday pursuant to West Virginia Code of State Rules § 143-1-14.1.(d) (2010), which states:

> To receive pay for any holiday, an employee must, at a minimum, work or be on approved paid leave for his or her full scheduled workday immediately preceding the holiday and at least one quarter hour of his or her scheduled workday immediately following the holiday or vice versa. . . .

The Public Employees Grievance Board denied the grievance by order dated October 31, 2011, finding that special elections are exempt from the weekend transfer rule found in West Virginia Code § 2-2-1(b).[2] The Grievance Board also found that in view of the relevant statutes and legislative rule, petitioner failed to prove she was legally entitled to be paid for the holiday. Petitioner appealed to the circuit court on December 1, 2011. The circuit court issued its final order affirming the Grievance Board on March 5, 2012.

This Court has stated that "[w]hen reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cnty. Bd. of Educ.,* 228 W.Va. 238, 719 S.E.2d 406 (2011). Moreover,

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly

---

[1]The Attorney General's opinion does note that most employees will be unaffected by a Saturday election as they are not scheduled to work anyway. This language indicates that the Attorney General's position was that these employees are not entitled to any additional benefit.

[2]This section provides that:
> If a holiday otherwise described in subsection (a) of this section falls on a Sunday, then the following Monday is the legal holiday. If a holiday otherwise described in subsection (a) of this section falls on a Saturday, then the preceding Friday is the legal holiday: Provided, That this subsection (b) shall not apply to subdivisions (13) [general, primary or special elections] . . . subsection (a) of this section.

entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.,* 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 2, *Martin.* Additionally, "'[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C–2–1], *et seq.* [ ], and based upon findings of fact, should not be reversed unless clearly wrong.' Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989)." Syl. Pt. 3, *Martin.*

On appeal, petitioner argues that the Grievance Board's decision is contrary to the law, rule or written policy regarding payment for state holidays and the Director of the Division of Personnel lacks the authority to interpret the law or implement rules without the approval of the State Personnel Board. Petitioner also argues that the circuit court and the Grievance Board were clearly wrong in the manner each applied § 143-1-14.1.(d) (2010) of the West Virginia Code of State Rules and West Virginia Code § 2-2-1(b), and that neither followed the clear language of the law and regulations. Finally, petitioner argues that the circuit court and Grievance Board erred in not finding that the State Personnel Board, not the Director of the Division of Personnel, has the authority to promulgate rules and regulations governing state employment.

In response, the Division of Corrections notes that this is not the first grievance on this same issue. The Grievance Board addressed this issue in *White v. Division of Juvenile Services,* Docket No. 2011-0417-MAPS, July 28, 2011, finding that the Legislature clearly exempted special elections from the transfer provisions of West Virginia Code § 2-2-1(b) in order to reduce the cost of the special election because the majority of state employees do not work on the weekend. The Grievance Board also found that West Virginia Code § 2-2-1(b) specifically excluded legal holidays resulting from special elections from the statute transfer provision. Further, the Division of Corrections argues that West Virginia Code of State Rules § 143-1-14.1(a) allows for an employee to be released from work with pay on certain listed holidays; however, to be released from work logically necessitates that one is required to work.

This Court agrees with the Division of Corrections' argument that sub-section (d) merely provides that an employee may take the day off with pay if they meet the requirements, but these rules do not mandate that employees be paid for a special election that they did not work. Moreover, West Virginia Code of State Rules § 143-1-14.1(f), the specific rule addressing an employee working on election day, provides:

> An appointing authority shall, if necessary, allow any employee required to work on any election day ample and convenient time and opportunity to cast his or her vote. Upon receipt of a written request at least three work days prior to an election, an appointing authority shall give any employee who has less than three hours of time away from work during hours polling places are open, up to three hours of paid time off between the opening and closing of the polls, to vote. The appointing authority shall schedule such time off to avoid impairment or disruption of essential services and operations.

3

An election day holiday only allows time for employees to vote. Petitioner did not work on election day and therefore had ample time to vote. This Court agrees with the circuit court's finding that petitioner is entitled to no additional compensation simply by virtue of the fact that she was not scheduled to work on the date of the special election.

The Division of Personnel also argues in response that the Attorney General, as chief legal officer of the state, provided a written legal opinion on this issue and that respondents herein complied with the directives of the Attorney General. This Court finds that while not binding, an Attorney General opinion is persuasive when issued contemporaneous with the adoption of a statute in question. This Court further finds that contrary to petitioner's argument, the Attorney General's opinion left no room for interpretation of the Division of Personnel's Rules. Moreover, this Court finds that West Virginia Code § 2-2-1(b) clearly establishes that the special election did not transfer to another day, and no State employees, other than those who worked on the date of the election, received any type of compensatory benefit for that day.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

4